UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DIANA DOWNIE, on her own behalf
and others similarly situated,

    Plaintiff,

v.

BF WESTON, LLC, a Florida limited liability
company d/b/a BURGERFI, and 2800 BFI, LLC,
a Florida limited liability company d/b/a BURGERFI,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, DIANA DOWNIE (hereinafter referred to as "Plaintiff"), was an employee of Defendants, BF WESTON, LLC, a Florida limited liability company and 2800 BFI, LLC, a Florida limited liability company, and brings this action on behalf of herself and other current and former similarly situated employees for overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff, DIANA DOWNIE ("Plaintiff"), was an employee of Defendants, BF WESTON, LLC and 2800 BFI, LLC, and performed her duties in Weston, Broward County, Florida, which is within the jurisdiction of this Court.

3. Defendant, BF WESTON, LLC, is a Florida limited liability company with a principal place of business in Weston, Broward County, Florida, which is within the jurisdiction of this Court.

4. Defendant, 2800 BFI, LLC, is a Florida limited liability company with a principal place of business in Weston, Broward County, Florida, which is within the jurisdiction of this Court.

5. Defendants, BF WESTON, LLC and 2800 BFI, LLC, are joint employers of Plaintiff and the other similarly situated employees because they are commonly controlled and not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the other similarly situated employees.

6. Defendants, BF WESTON, LLC and 2800 BFI, LLC, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated employees at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

7. At all times pertinent to this Complaint, Defendants, BF WESTON, LLC and 2800 BFI, LLC, regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

8. At all times material to this Complaint, Defendant, BF WESTON, LLC and 2800 BFI, LLC, had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

9. Based upon information and belief, the annual gross sales volume of Defendants, BF WESTON, LLC and 2800 BFI, LLC, was in excess of $500,000.00 per annum at all times material hereto.

10. At all times pertinent to this Complaint, Defendants, BF WESTON, LLC and 2800 BFI, LLC, were enterprises engaged in commerce or in the production of goods for commerce as defined by §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

11. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

12. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendants, and in regard to Plaintiff and any other plaintiffs joining this lawsuit.

13. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendants.

14. Plaintiff has retained the undersigned counsel to represent her in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

15. Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff realleges and adopts the allegations in paragraphs 1 through 15 as if fully set forth herein.

17. From approximately December 2013 to approximately October 2015, Plaintiff worked for Defendants as an "Assistant Manager", and was mis-classified as exempt from the overtime provisions of the FLSA.

18. Plaintiff's primary duties were non-exempt in nature, and included customer service, food preparation and cleaning.

19. Plaintiff regularly worked over forty (40) hours during one or more work weeks during her employment.

20. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-209, in that Plaintiff and other similarly situated employees performed services for Defendants for which no provisions were made by the Defendants to properly pay them for those hours worked in excess of forty (40) within a work week.

21. Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rates of pay for each hour worked in excess of forty (40) hours per work week.

22. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rates of pay for all hours worked in excess of forty (40) hours per week during one or more work weeks.

23. Instead, Defendants compensated Plaintiff and similarly situated employees with a flat weekly salary, with no additional compensation for the overtime hours she worked.

24. The additional persons who may become Plaintiffs in this action are Defendants' current and former salaried, misclassified employees, however titled, who worked overtime hours during or February 2013, but were not compensated for those overtime hours worked.

25. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and all the other similarly situated employees have suffered damages, plus incurred costs and reasonable attorney's fees.

26. As a result of Defendants' willful violation of the Act, Plaintiff and the other similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, DIANA DOWNIE, and other similarly situated employees, demand judgment against Defendants, BF WESTON, LLC and 2800 BFI, LLC, jointly and severally, for the payment of all overtime hours at one and one-half times their regular rate of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: February 23, 2016
      Boca Raton, Florida

Respectfully submitted,

CAMAR R. JONES (Fla. Bar No. 720291)
Email: cjones@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Tel: (561) 447-8888; Fax: (561) 447-8831
Attorneys for Plaintiff

# CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>BurgerFi</u>, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:
*Diana Downie*
C84E90F9B872448...

Signature

Diana Downie

Print Name