UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60348-BLOOM/Valle

DIANA DOWNIE,

    Plaintiffs,

v.

BF WESTON, LLC, *et al.*,

    Defendant.

_____/

## ORDER TAXING COSTS

**THIS CAUSE** is before the Court upon Defendant BF Weston, LLC's ("Defendant") Bill of Costs, ECF No. [88], and Memorandum in Support of Bill of Costs, ECF No. [89] (together, "Bill of Costs"). The Court has reviewed the Bill of Costs, all supporting and opposing submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Bill of Costs is granted in part.

    **I.**    **Background**

Plaintiff Diana Downie ("Plaintiff") filed a one-count complaint against BF Weston, LLC ("BF Weston" or "Defendant") and 2800 BFI, LLC alleging violations of the overtime compensation provisions of the Fair Labor Standards Act, 29 U.S.C. § 219(b) ("FLSA"). *See* ECF No. [1]. The Clerk entered a default against Defendant 2800 BFI, LLC on April 1, 2016, ECF No. [15], and this matter proceeded to trial against BF Weston. Following four days of trial, the jury returned a verdict finding that Plaintiff was exempt from the FLSA under the administrative exemption. ECF No. [78]. Thereafter, the Court entered a final judgment in favor of BF Weston, finding no liability to Plaintiff for overtime wages. *See* ECF No. [81]. BF

Weston's Bill of Costs timely followed.

**II.     Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded."  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002).  A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011).  "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Under 28 U.S.C. § 1920, a judge may tax as costs the following:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course"; "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (internal citations omitted).

**III.    Discussion**

As the prevailing party, BF Weston seeks an award of $3,961.96 as taxable costs incurred in this case. *See* ECF No. [88]. Plaintiff argues that BF Weston is not entitled to recover any costs because the Court declared a mistrial on the second day of trial as result of Defendant's counsel improperly publishing an unredacted exhibit to the jury. By causing the mistrial, Plaintiff argues that BF Weston has forfeited the right to recover costs. The Court disagrees. The Court has considerable discretion in determining whether to award costs to a prevailing party, but if the Court denies such costs, it must give a reason for doing so. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). There is no question that BF Weston is the prevailing party in this case. While the Court acknowledges that Defendant's counsel's conduct necessitated a mistrial, the Court already levied sanctions for the additional costs incurred as a result, which counsel duly paid. *See* ECF Nos. [74], [75]. Therefore, the Court does not find that BF Weston has forfeited the right to seek recoverable costs.

Pursuant to Local Rule 7.3, a bill of costs must include documentation showing the amount of costs and a supporting memorandum. S.D. Fla. L.R. 7.3(c). Specifically, BF Weston seeks reimbursement for deposition transcripts[1] ($2,388.30) and fees for the cost of making

---

[1] BF Weston lists the $2,388.30 as "[f]ees and disbursements for printing" on the form bill of costs. *See* ECF No. [88] at 1. However, in the memorandum, BF Weston specifies that it is

3

copies ($1,573.66). Plaintiff argues that the requested costs should be reduced. The Court considers each requested cost in turn.

### *Deposition transcripts*

18 U.S.C. § 1920(2) authorizes the taxation of deposition costs "necessarily obtained for use in the case." *United States E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). In support of its request for reimbursement of deposition transcripts, BF Weston attaches four (4) invoices from the court reporter totaling $2,908.30 for the depositions of Geneva Fernandez, Nicholas Raucci, Frederick Warren, and Diana Downie. *See* ECF No. [88-1]. Plaintiff challenges only two $15.00 delivery charges associated with the transcripts of Ms. Fernandez and Mr. Warren's depositions, on the basis that section 1920 does not authorize the recovery of costs associated with the shipment or delivery of deposition transcripts. In fact, courts in this district have found such costs both to be recoverable and non-recoverable. *See Smith v. Quintiles Int'l*, 2007 WL 2412844, at *4 (M.D. Fla. Aug. 21, 2007) (postage and handling incurred for sending copies of transcripts to counsel may be taxable); *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007) (delivery fees constitute a part of the court reporter fee and are recoverable); *Henderson v. Home Depot U.S.A., Inc.*, 2006 WL 4978430, at *4 (M.D. Fla. July 6, 2006) (delivery costs are not recoverable under section 1920); *Eggleston v. Bradshaw*, 2007 WL 1760912, at *4 (S.D. Fla. June 18, 2007) (same); *Univ. of Miami v. Intuitive Surgical, Inc.*, 2007 WL 781912, at *1 (S.D. Fla. Mar. 13, 2007) (same).

In support of its request, BF Weston notes it does not seek reimbursement for the expedited delivery charges reflected in the invoices or an additional non-recoverable $30.00 charge related to Ms. Downie's deposition, comprising the $520.00 difference between the

---

seeking that amount specifically for deposition transcripts and related costs, which is allowable pursuant to 28 U.S.C. § 1920(2). *See* ECF No. [89].

amounts reflected in the invoices ($2,908.30) and the requested amount ($2,388.30).  Under the circumstances, the Court finds that the requested costs are reasonable and recoverable.

### *Copying costs*

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). In support of its request for reimbursement of copy costs, BF Weston attaches prebill memoranda setting forth a total of 6,842 pages at a rate of 23¢ per page, amounting to $1,573.66. BF Weston asserts that 6,292 pages represent four sets of exhibits made for trial, 286 pages were copies of documents used in responding to Plaintiff's discovery requests, and 264 pagers were copies made for use as exhibits at the depositions of Ms. Downie, Ms. Fernandez, and Mr. Raucci.  Plaintiff objects to the copy costs as excessive and unsupported.  Specifically, Plaintiff asserts that BF Weston has failed to justify the copying costs because the prebills attached are heavily redacted.  Nevertheless, as set forth above, BF Weston provided an explanation for the copy costs set forth in the redacted prebill in its supporting memorandum.  Plaintiff then argues that because only thirty-two (32) exhibits were in fact admitted into evidence at trial, the cost for the remaining approximately sixty-five (65) exhibits not admitted is not recoverable.  BF Weston maintains that because the parties filed a joint exhibit list, ECF No. [70], the copies were necessarily obtained for use in the case under § 1920(4), and that the copy costs are nevertheless recoverable based upon *United States E.E.O.C. v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000).

However, BF Weston ignores that the court in *W&O, Inc.* expressly held that exhibit costs are not taxable. 213 F.3d at 623.  There is no express statutory authorization for the cost of exhibits, and BF Weston cannot avoid the rule that courts can only tax costs with statutory authorization by characterizing trial exhibit costs as copies "necessarily obtained for use in the

5

case" under 28 U.S.C. § 1920(4).  Therefore, BF Weston may not recover the cost for 6,292 pages representing the four sets of exhibits made for trial, totaling $1,447.16.  *See Horton Homes, Inc. v. United States*, 2004 WL 1719354, at *3 (M.D. Ga. June 10, 2004) (holding that costs for trial exhibits may not be taxed against opposing party based on *W&O, Inc.*).

### IV.   Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. BF Weston is awarded **$2,514.80 in taxable costs**, representing fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($2,388.30) and a reduced amount for the costs of making copies ($126.50).

2. BF Weston's request to tax copying costs for trial exhibits is denied.

**DONE AND ORDERED** in Miami, Florida, this 10th day of February, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record